UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  22-CV-80914-DMM

FIDOGENX, LLC,

                Plaintiff,

vs.

GMH TEQUESTA HOLDINGS, LLC
d/b/a FUTURES RECOVERY HEALTHCARE,

                Defendant.

_____/

## REPORT AND RECOMMENDATION ON MOTION TO DISMISS AND MOTION TO REMAND [ECF Nos. 8, 9]

Plaintiff Fidogenx, LLC sued Defendant GMH Tequesta Holdings, LLC in Florida state court for Breach of Contract, Violation of the Florida Corporate Espionage Act, and Misappropriation of Trade Secrets. ECF No. 7-1. Defendant removed the case to this Court, asserting both diversity and federal question jurisdiction. ECF No. 7. Defendant then moved to dismiss for lack of personal jurisdiction, improper venue, failure to state a claim upon which relief can be granted, and failure to satisfy pleading requirements. ECF No. 8. Plaintiff moved to remand the case to state court on the grounds that this Court lacks subject matter jurisdiction. ECF No. 9.

Judge Middlebrooks referred these motions to me for a Report and Recommendation. ECF No. 26. Over Defendant's objection, I allowed the parties to supplement the factual record for the Motion to Remand. ECF No. 27; *see* ECF Nos.

21 (Plaintiff's supplemental materials), 38 (Defendant's redacted supplemental materials). I also held an evidentiary hearing and oral argument on December 14, 2022. *See* Fed. R. Civ. P. 43(c) ("When a motion relies on facts outside the record, the court may hear the matter on affidavits or may hear it wholly or partly on oral testimony or on depositions."). At the hearing, I heard live testimony from Deja Gilbert and Robert Gilbert, the two members of the Plaintiff LLC. I am fully advised and the matter is ripe for decision.

Because the Motion to Remand challenges the Court's subject matter jurisdiction, I address that motion before the Motion to Dismiss. *See OOO-RM Invest v. Net Element Int'l, Inc.,* 14-20903-CIV, 2014 WL 12613282, at *1 (S.D. Fla. Sept. 25, 2014) (J. Altonaga) ("The Court cannot take any action—other than to dismiss this case—without resolving the question of subject matter jurisdiction.").

## DISCUSSION

*Diversity Jurisdiction*

Plaintiff moves to remand this case to state court because there is a lack of complete diversity. Diversity jurisdiction requires complete diversity; "all plaintiffs must be diverse from all defendants." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999). When a defendant removes an action to federal court on diversity grounds, a court must remand the matter to state court if complete diversity is lacking between the parties or if any of the properly served defendants are citizens of the state in which the suit was filed. *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1297 (11th Cir. 2007). Diversity of citizenship is measured at the time

the action was filed and at the time of removal. *Stevens v. Nichols*, 130 U.S. 230, 231 (1889). "On a motion to remand, the removing party bears the burden of showing the existence of federal subject matter jurisdiction." *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.,* 591 F.3d 1337, 1343 (11th Cir.2009); *see McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (removing party has the burden of establishing diversity of citizenship by a preponderance of the evidence).

"Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." *Denny v. Pironi*, 141 U.S. 121, 123 (1891). "Residency is necessary, but insufficient to establish citizenship in a state." *Smith v. Marcus & Millichap, Inc.,* 991 F.3d 1145, 1149 (11th Cir. 2021). "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick*, 293 F.3d at 1257. "A person's domicile is the 'place of his true, fixed, and permanent home and principal establishment, and to which he has the intention to return whenever he is absent therefrom.'" *Id*. at 1257-58 (quoting *Mas v. Perry,* 489 F.2d 1396, 1399 (5th Cir. 1974) (further internal citations omitted). And domicile requires both residence in a state and "an intention to remain there indefinitely...." *Id*. at 1258 (internal quotation marks omitted). Once a person establishes a domicile, it continues until the person establishes a new domicile. *Mas*, 489 F.2d at 1399. To discern the person's intent to establish a domicile, Courts can look to multiple factors, including:

> the location of real and personal property, business ownership, employment records, the location of bank accounts, payment of taxes, voter registration, vehicle registration, driver's license, membership in local organizations, and sworn statements of intent.

*Smith*, 991 F.3d at 1149. But, the Court need not blindly accept a sworn statement of intent:

> A party seeking to establish that he has changed his domicile may submit declarations of his intention to establish a domicile in a particular state, however like other self-serving declarations such statements may lack persuasiveness or be negated by other declarations or inconsistent acts.

*Rayfield v. Nat'l Auction Grp., Inc.*, 878 F. Supp. 203, 206 (M.D. Ala. 1995) (citing *Welsh v. Am. Sur. Co. of N. Y.*, 186 F.2d 16, 18 (5th Cir. 1951)).

It is undisputed that Defendant is an LLC with one member, who is a citizen of Pennsylvania. Defendant asserts in its Notice of Removal, "As of the date of the filing of the action, Plaintiff was a Florida limited liability company with its principal place of business located in West Palm Beach, Florida." ECF No. 7 at 3. Relying on Plaintiff's 2022 Annual Report to the Florida Department of State, Defendant further alleges, "Plaintiff has two (2) members, Robert Gilbert and Deja Gilbert, both of whom were or are citizens of Florida and were listed in the Annual Report at addresses in West Palm Beach, Florida." *Id.* at 4. Plaintiff responds that both members of the LLC are Pennsylvania citizens, so complete diversity is lacking and the case must be remanded to state court.

Plaintiff's motion to remand is equivalent to a Rule 12(b)(1) motion that factually attacks whether subject matter jurisdiction exists; that is, it challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings." *Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir. 1990) (citations omitted). For that kind of challenge, "matters outside the pleadings, such as testimony and

4

affidavits, are considered." *Id.*; *accord Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir. 1997) (in resolving motion to remand based on fraudulent joinder, court can consider materials outside the pleadings). "When faced with factual disputes regarding subject matter jurisdiction, the district court serves as the fact-finder and may weigh the evidence, provided that the challenge to subject matter jurisdiction does not implicate an element of the cause of action." *Scarfo v. Ginsberg,* 175 F.3d 957, 961 (11th Cir. 1999).

Plaintiff filed its complaint in state court on June 2, 2022. ECF No. 7-1. The Notice of Removal was filed on June 22, 2022; it was amended on June 28, 2022. ECF Nos. 1, 7. So, if the Gilberts ceased to be Florida citizens on or before June 22, 2022, there was no diversity of citizenship.

Plaintiff asserts that Robert Gilbert and Deja Gilbert became citizens of Pennsylvania on or about March 1, 2022, when they sold their Florida home and moved their residence to Pennsylvania. Defendant responds that the Gilberts' change in residence, alone, is insufficient to satisfy the multi-part test for citizenship. *See* ECF No. 10 at 5.

Dr. Deja Gilbert testified that her family moved from Florida to Pennsylvania in March 2022 to obtain better services for their five-year-old autistic son and to be closer to family. They closed on the sale of their West Palm Beach home on February 28, 2022, then drove to Pennsylvania where they temporarily lived with her in-laws while they shopped for a home. After several unsuccessful bids, they closed on the purchase of a home in Ambler, Pennsylvania, on June 15, 2022. They moved into that

home in July. They have registered their son for school in Pennsylvania; they have signed him up for other disability services through the State of Pennsylvania. Dr. Gilbert has an office in Blue Bell, Pennsylvania. She pays payroll taxes in Pennsylvania. Finally, Dr. Gilbert testified that she has no intention of returning to Florida other than for vacations.

Dr. Gilbert's husband, Robert Gilbert, gave similar testimony about their intent to permanently live near family in Pennsylvania and not to return to Florida.

Defendant correctly points out that the Gilberts have not transferred their voter registration, car registrations, professional licenses, or driver's licenses to Pennsylvania, as required by Pennsylvania law. The record also reflects that on February 18, 2022, Plaintiff filed its 2022 Limited Liability Annual Report with the Florida Secretary of State. That Report listed Florida addresses for the LLC, its registered agent, and both of its members. ECF No. 10-1. On June 2, 2022, Plaintiff filed its complaint in Palm Beach Circuit Court. The complaint alleged Plaintiff was a Florida LLC with its principal address in West Palm Beach. ECF No. 7-1, ¶1. On June 13, 2022, Plaintiff updated its reporting to the Florida Secretary of State to reflect its principal place of business was now in Pennsylvania and that both of its members (including Mr. Gilbert, who is the LLC's registered agent) had mailing addresses in Pennsylvania. ECF No. 10-2.[1]

---

[1] The updated registration contained a typographical error that listed "Ambler, Florida" as the Address for the Registered Agent. ECF No. 10-2.

After considering all the relevant factors, I give great weight to the testimony of Dr. Gilbert and Mr. Gilbert that in March 2022 they permanently changed their domicile to Pennsylvania. I found their testimony to be clear, unequivocal, and highly credible. I also give great weight to the fact that they sold their only property in Florida, purchased a new home in Pennsylvania, have enrolled their child in school and social services there, and are running their businesses from there. This additional evidence corroborates their testimony that they intended to change their domicile to Pennsylvania. I give little weight to the remaining factors, which reflect failures to take ministerial acts required by state law, but do not undercut the other evidence that the Gilberts changed their domicile from Florida to Pennsylvania in March 2022.

For all these reasons, Defendant has not shown by a preponderance of the evidence that Plaintiff was not a citizen of Pennsylvania when this case was filed. Therefore, diversity subject matter jurisdiction does not exist.

*Federal Question Jurisdiction*

Separately, Defendant argues there is federal question jurisdiction under 28 U.S.C. § 1338(a) because the claims at issue in this litigation relate to copyrights. That statute reads:

> The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights.

28 U.S.C. § 1338(a).

Defendant correctly argues that Plaintiff's Motion to Remand did not address this ground for removal. Nevertheless, Defendant is incorrect that "[i]n light of Plaintiff's failure to address this issue, Plaintiff's Motion should be denied." ECF No. 10 at 6; *see id.* at 6 ("Plaintiff's silence on this issue is fatal."). "First, 'subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.' Moreover, courts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

The Complaint alleges that the parties entered into a Digital Marketing Services Agreement ("Agreement") under which Plaintiff would create "landing pages" as well as advertising campaigns. ECF No. 7-1 (Complaint) ¶6; *see generally* ECF No. 7-1 at 10-11 (Digital Marketing Services Agreement). The Agreement says, "[Defendant] retains ownership of all Landing Pages, Graphic Design and Google Ads Campaigns developed by [Plaintiff]." Agreement ¶6. Plaintiff disputes whether this the Agreement transferred any ownership of intellectual property to Defendant. Complaint ¶12. The Complaint further alleges that Defendant "persists in the continued use of Plaintiff's webpage design and marketing platforms/techniques." Complaint ¶10; *see also* Complaint ¶15 ("Defendant has copied and utilized the Content without first obtaining permission from Plaintiff to do so.").

Count I of the Complaint alleges Defendant breached the Agreement in two ways: (1) by not paying everything it owed to Plaintiff and (2) by "giving a third-party

access to the Google Ads account, as well as access to other confidential information." Count II alleges Defendant misappropriated "information on how to obtain patients [sic] . . . when it transferred information, particularly the Google Ad information, to third parties." Count III alleges misappropriation of Plaintiff's "advertising [and] the tools used within the respective platforms (i.e. Google AdWords)."

Defendant cites three cases in support of its claim that jurisdiction exists under §1338(a). In *Goodman v. Lee,* 815 F.2d 1030 (5th Cir. 1987) [not binding in the 11th], plaintiff sought a declaratory judgment that she was the co-author (and co-copyright holder) of the song "Let the Good Times Roll." The Fifth Circuit, quoting the Second Circuit said:

> "[A]n action 'arises under' the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act … or asserts a claim requiring construction of the Act, … or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim."

815 F.2d at 1031 (brackets and ellipses in Fifth Circuit opinion). The Court held that it had jurisdiction under §1138(a) because resolving the plaintiff's claim "clearly involves the application and interpretation of the copyright ownership provisions of 17 U.S.C. §201(a)." *Id.* at 1032.

In *Topolos v. Caldewey,* 698 F.2d 991 (9th Cir. 1983), a contract between a book author and his publisher required the publisher to copyright the book in the author's name. Instead, the publisher copyrighted the book in its own name. The author sued for a declaratory judgment of copyright infringement, unfair competition, and breach of contract. The district court dismissed for lack of subject matter jurisdiction.

9

>On appeal, the Ninth Circuit explained:
>
>Generally, courts decide whether a case arises under the copyright laws by focusing on the nature of the principal claim asserted by the plaintiff. As the district court summarized in *Royalty Control Corp. v. Sanco, Inc.,* 175 U.S.P.Q. 641, 642 (N.D.Cal.1972):
>
>>If that claim involves copyright infringement or other matter directly related to the interpretation and enforcement of the Copyright Act, jurisdiction has been upheld. On the other hand, where it has been determined that the claim is essentially for some common law or state-created right, most generally for a naked declaration of ownership or contractual rights, jurisdiction has been declined, even though the claim might incidentally involve a copyright or the Copyright Act.
>
>Courts have directed inquiry to what they have variously described as the "primary and controlling purpose" of the suit, the "principal issue," the "fundamental controversy," and the "gist" or "essence" of the plaintiff's claim.

698 F.2d at 993 (citations omitted). The Ninth Circuit held that the principal claim in *Topolos* was whether the books published by the publisher infringed on any copyright that the author held. It said, "That question properly belongs to a federal court, since it requires an examination of the works, extent of the copying involved, and an application of the Copyright Act." *Id.* at 994.

In *Sullivan v. Naturalis, Inc.,* 5 F.3d 1410 (11th Cir. 1993), the parties contracted in writing for plaintiffs to develop design concepts for two retail stores. The defendants chose not to use one of the concepts and asked plaintiffs to develop a third concept. The defendant opened a store based on the third concept.

Litigation later arose over whether the third concept was covered by the written contract or was based on a separate oral contract. Plaintiffs sued for copyright

10

infringement and breach of contract. Defendant successfully moved in the trial court to dismiss for lack of subject matter jurisdiction on the grounds that the complaint merely alleged breach of contract and did not arise under the federal copyright laws.

The Eleventh Circuit reversed. It first noted, "Federal courts have not extended federal subject matter jurisdiction to every lawsuit involving copyrighted material." *Id*. at 1412. It further noted, "Several courts have found federal subject matter jurisdiction to exist because application and interpretation of the Copyright Act would be necessary to resolve the plaintiff's claims." *Id*. (citing *Goodman* and *Topolos*). It held:

> [I]t is clear that any transfer of the Sullivans' rights in their copyrighted material was oral. It will be necessary for the district court to decide what the parties intended with respect to the ownership and use of the Sullivan's copyrighted material. Once the Court discerns the parties' intentions, it will be required to interpret §204(a) of the Copyright Act to assess the validity of their actions."

*Id*. at 1213. As such, the case fell "squarely into the second category of cases 'arising under' the Copyright Act — those asserting a claim 'requiring construction of the Act.'" *Id*. (citation omitted). Notably, the parties in *Sullivan* did not appear to dispute that the material in question was copyrighted.

I reject Defendant's argument that federal question jurisdiction exists under §1338(a). The Complaint does not reference copyrighted material nor does it seek a remedy under the Copyright Act. As will now be explained, it also does not require any construction of the Copyright Act.[2]

---

[2] Defendant has not argued, nor do I see, a "distinctive policy of the [Copyright] Act [that] requires that federal principles control the disposition" of the claims in the

11

At oral argument, Defendant further explained its theory as follows: (1) Plaintiff contracted to prepare internet "landing pages" for Defendant, (2) the Complaint alleges Defendant improperly copied and used the content of the landing pages and other confidential information (including trade secrets) related to those pages, (3) at least some of the disputed material is copyrightable, (4) the parties dispute whether the underlying Digital Marketing Services Agreement gave Defendant ownership of "all Landing Pages, Graphic Design and Google Ads Campaigns developed by [Plaintiff]" under that agreement, (5) if Defendant owns this material, the Copyright Act authorizes Defendant to copy it and make derivative use of it, (6) therefore, resolution of this case necessary implicates the Copyright Act.

The core issue in this case is whether the Agreement gives ownership of the landing pages, graphic design, and Google Ads campaigns to Plaintiff or Defendant. That dispute will be resolved under state law contract principles, not under the Copyright Act. Whatever significance the Copyright Act may have, if any, it is subordinate to the contract issue. Put differently, if the contract issue is resolved in favor of Defendant, any Copyright Act issue need not be resolved because once Defendant owns the material, it can do whatever it wants with it. Similarly, if the contract issue is resolved in favor of Plaintiff, the Copyright Act issue is moot because Defendant had no right to use the material for any purpose.

---

Complaint.

## **REPORT AND RECOMMENDATION**

Accordingly, this Court **RECOMMENDS** that:

1. Plaintiff's Motion to Remand [ECF No. 9] be GRANTED;

2. Defendant's Motion to Dismiss or Transfer [ECF No. 8] be DENIED WITHOUT PREJUDICE.

## **NOTICE OF RIGHT TO OBJECT**

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Donald M. Middlebrooks, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 15th day of December 2022.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE